UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANN Z.,

                                                                                                <u>DECISION AND ORDER</u>

                                     Plaintiff,

                                                                                               20-CV-1719L

                    v.

KILOLO KIJAKAZI,
Commissioner of Social Security,

                                    Defendant.
_____

       Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

       On March 31, 2018, plaintiff filed applications for a period of disability and disability insurance benefits, and for supplemental security income, alleging an inability to work since March 12, 2008. (Dkt. #8 at 10). Her applications were initially denied. Plaintiff requested a hearing, which was held on October 24, 2019 via videoconference before administrative law judge ("ALJ") Jonathan P. Baird. The ALJ issued a decision on December 19, 2019, finding plaintiff not disabled. (Dkt. #8 at 10-21). That decision became the final decision of the Commissioner when the Appeals Council denied review on September 30, 2020. (Dkt. #8 at 1-3). Plaintiff now appeals.

       The plaintiff has moved pursuant to Fed. R. Civ. Proc. 12(c) for judgment vacating the ALJ's decision and remanding the matter for further proceedings (Dkt. #9), and the Commissioner has cross moved for judgment dismissing the complaint (Dkt. #11). For the reasons set forth below,

the plaintiff's motion is denied, the Commissioner's cross motion is granted, and the complaint is dismissed.

## DISCUSSION

Familiarity with the five-step evaluation process for determining Social Security disability claims is presumed. *See* 20 CFR §404.1520. The Commissioner's decision that plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ has applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir.2002).

### I.     The ALJ's Decision

Plaintiff was born October 21, 1975, and was 32 years old on the alleged onset date, with a high school education and no past relevant work. (Dkt. #8 at 20). Her medical records reflect treatment for the following impairments, which the ALJ found to be severe impairments not meeting or equaling a listed impairment: major depressive disorder, scoliosis, and obesity. (Dkt. #8 at 13). The ALJ also found that plaintiff had the impairments of high blood pressure, hypertension, iron deficiency anemia, and periodic headaches, all of which were successfully treated with medication, as well as one-time or fleeting complaints of knee and hip pain, a right ankle sprain, trigeminal neuralgia, and thumb joint arthritis, none of which met the durational requirement. (Dkt. #8 at 13-14).

In applying the special technique for mental impairments, the ALJ determined that plaintiff has a mild limitation in understanding, remembering, or applying information, a moderate limitation in interacting with others, a moderate limitation in maintaining concentration, persistence, and pace, and a mild limitation in adapting or managing herself. (Dkt. #8 at 14-15). The ALJ accordingly concluded that plaintiff's mental impairments were not disabling.

After reviewing the evidence of record, the ALJ determined that the plaintiff retained the residual functional capacity ("RFC") to perform light work, with no more than occasional climbing of ramps or stairs, stooping, kneeling, crouching, and crawling. She can never climb ladders or scaffolds. She must avoid exposure to excessive noise. She can perform simple, routine, repetitive tasks with no detailed instructions. Further, she is limited to low stress work, defined as involving no more than occasional decision-making or changes to the work setting. She cannot perform production or pace work, or interact with the public. She can occasionally interact with coworkers. (Dkt. #8 at 15).

When presented with this RFC as a hypothetical at the hearing, vocational expert Joseph Goodman testified that such an individual could perform the representative unskilled, light exertion positions of sorter, cleaner, and routing clerk. (Dkt. #8 at 20-21). The ALJ accordingly found plaintiff not disabled.

## II.   The ALJ's RFC Determination

Plaintiff argues that the ALJ improperly weighed the medical opinions of record, and failed to consider the impact of plaintiff's non-severe impairments on her RFC.

The record contained several opinions concerning plaintiff's exertional and nonexertional impairments. Consulting psychologist Dr. Janine Ippolito examined plaintiff on June 28, 2018 (Dkt. #8 at 391-95). Dr. Ippolito reviewed plaintiff's mental health history and performed a mental status examination, and opined that plaintiff could understand, remember and apply both simple and complex instructions, make work related-decisions, interact appropriately with others, and sustain an ordinary routine and regular attendance, and would be only mildly limited in maintaining attention and concentration. *Id*. The ALJ found Dr. Ippolito's opinion "partially persuasive," crediting it in its entirety, except to the extent that the ALJ believed the record

supported a finding of "*more than* a mild limitation in the ability to perform complex tasks, considering the long term presence of waxing and waning [depression] symptoms." (Dkt. #8 at 18)(emphasis added).

On July 13, 2018, state agency reviewer Dr. L. Hoffman (Dkt. #8 at 407-10) opined that plaintiff was mildly limited in understanding, remembering, and applying information, and in interacting with others, and moderately limited in concentration, persistence, and pace, and adapting or managing herself. The ALJ found Dr. Hoffman's opinion to be "most persuasive" due to its consistency with plaintiff's mental health treatment records. However, the ALJ determined that the record supported a "moderate," rather than "mild" limitation in social interaction, in light of plaintiff's testimony that she engaged in limited social interaction. (Dkt. #8 at 18).

On October 25, 2019, plaintiff's treating internist, Dr. Lorie Lashbrook, rendered an opinion based on a 2-year treatment history relating to bilateral ankle and knee pain, and migraine headaches. Dr. Lashbrook indicated that "p[laintiff] states she cannot stand or sit comfortably long enough to work," and accordingly opined that plaintiff was unable to sit or stand for more than two hours in an eight-hour workday, and could occasionally lift up to twenty pounds. With respect to mental abilities, Dr. Lashbrook noted that "patient and her husband state that she has trouble focusing and remembering and dealing with stress but this is not something she has addressed in the office." (Dkt. #8 at 693). Based on these self-reports, Dr. Lashbrook indicated that plaintiff could never perform any work-related activities involving simple instructions (although she could perform activities involving "detailed" instructions up to 20% of the time), could never work with others or complete a normal workday or workweek (although she could concentrate and perform at a consistent pace up to 20% of the time), respond to routine changes in a work setting, or

4

maintain minimum attendance standards. At the same time, Dr. Lashbrook indicated that she believed plaintiff *could* engage in full-time employment. (Dkt. #8 at 691).

The ALJ found Dr. Lashbrook's opinion "not . . . persuasive," due to its inconsistency with plaintiff's treatment notes, and the objective examination findings of consulting physicians. *See e.g.*, Dkt. #8 at 252, 254, 257, 268, 270, 278, 285, 292, 295, 298, 302, 358-59, 362 (noting generally normal physical and mental status findings, with intermittent observations of depressed mood and difficulty concentrating, but plaintiff typically reporting that she had improved with anti-depression medications, was, "doing well," did "not wish to change dose," and was "happy with [the] results" of her medication).[1]

On June 28, 2018, consulting internist Dr. Russell Lee (mis-identified as a "Dr. Gottesman" by the ALJ) examined plaintiff and found no abnormalities, although he noted that an x-ray of plaintiff's spine showed possible scoliosis. (Dkt. #8 at 399-403). Dr. Lee opined that plaintiff should avoid driving, operating heavy machinery, and unprotected heights. He opined that she was moderately limited in walking great distances, prolonged standing or climbing, and bending and lifting heavy objects. *Id*. The ALJ found Dr. Lee's opinion "partially persuasive," noting that although it did not provide a specific function-by-function assessment, it was consistent with plaintiff's diagnosis of scoliosis, and her reports of back pain. (Dkt. #8 at 19).

On July 12, 2018, state agency reviewer Dr. Gary Ehlert opined that plaintiff was limited to light exertion with only occasional climbing of stairs and ramps, no climbing of ladders, ropes, and scaffolds, and no more than frequent postural activities, and should avoid work hazards and

---

[1] While the ALJ did not point out or discuss Dr. Lashbrook's transparent reliance on plaintiff's self-reported symptoms, or the internal inconsistencies in her opinion, those matters inescapably diminish its persuasiveness. Specifically, Dr. Lashbrook repeatedly references patient statements rather than objective findings as her source of information, and her opinion is marred by confusing and entirely contradictory findings – e.g., indicating that plaintiff could *never* perform *simple* tasks, but could perform *complex* ones up to 20% of the time.

unprotected heights. (Dkt. #8 at 404-406). The ALJ found Dr. Ehlert's opinion "most persuasive" due to its consistency with plaintiff's reports of pain and x-rays establishing scoliosis, as well as her obesity. (Dkt. #8 at 18-19).

While plaintiff argues that the ALJ improperly rejected portions of the medical opinions of record – specifically, Dr. Lashbrook's opinion describing almost total physical and mental incapacity – the ALJ was free "to choose between properly submitted medical opinions." *McBrayer v. Sec'y of Health & Human Servs.*, 712 F.2d 795, 799 (2d Cir. 1983). In so doing, he could choose to credit certain portions of opinions and not others, so long as his reasons for doing so were sufficiently stated, well-supported, and did not smack of improper "cherry picking" of the evidence to support a predetermined conclusion. *See Margo J. v. Commissioner*, 2022 U.S. Dist. LEXIS 24402 at *9-*10 (W.D.N.Y. 2022)("an ALJ is free to reject portions of medical-opinion evidence not supported by objective evidence of record, while accepting those portions supported by the record"); *Dowling v. Colvin*, 2015 U.S. Dist. LEXIS 122724 at *35 (N.D.N.Y. 2015)("[ALJs] may accept only a point of a medical source's opinion, and reject others without committing a fatal 'cherry picking' error"); *Raymer v. Colvin*, 2015 U.S. Dist. LEXIS 112218 at *17 (W.D.N.Y. 2015)("an ALJ who chooses to adopt only portions of a medical opinion must explain his or her decision to reject the remaining portions"). *See also Ransome v. Commissioner*, 2020 U.S. Dist. LEXIS 199909 at *14-*15 (W.D.N.Y. 2020)("an ALJ may properly craft a residual functional capacity finding which is a blend of more than one medical opinion"); *Vannote v. Commissioner*, 2019 U.S. Dist. LEXIS 194584 at *17, *20 (W.D.N.Y. 2019)(ALJ did not err when he "determined that [p]laintiff's RFC fell in between the mild limitations described by [one medical source] and the severe limitations described by [another medical source]," because resolving conflicting medical evidence was within his discretion); *Riley v. Commissioner*, 2019

U.S. Dist. LEXIS 180833 at *11-*12 (W.D.N.Y. 2019)(RFC finding that "t[akes] into account, but d[oes] not mirror, the opinions of a number of different sources," is not reversible error, where the ALJ provides a sound and "detailed explanation for the deviations he made from the various opinions contained in the record").

Here, the ALJ credited all opinions except Dr. Lashbrook's in whole or in part, and in many cases, found that the record indicated plaintiff's limitations were *more* extensive than the opinion suggested. For each, he set forth a detailed and reasonable rationale for the weight he assigned to each opinion, and cited evidence in the record (including objective imaging results and objective examination findings) to support his conclusions. I find no error in his assessment.

Plaintiff further suggests that the ALJ erred by failing to account for the "moderate" limitations in attendance, social interaction and well-being that Dr. Ippolito opined, despite finding her opinion "partially persuasive." However, it is well-settled that moderate limitations in work-related functioning are not inconsistent with the performance of a range of unskilled work, such as the ALJ determined here. *See Zabala v. Astrue*, 595 F.3d 402, 410 (2d Cir. 2010).

Finally, plaintiff argues that the ALJ's RFC determination failed to adequately account for the impact of her nonsevere impairments on her RFC. While plaintiff is correct that the ALJ was obligated to consider the combined effects of plaintiff's impairments in determining her RFC, the ALJ was not required to modify the RFC to accommodate nonsevere impairments that did not give rise to any demonstrable limitation. Here, plaintiff points to no appreciable evidence of record that any of her nonsevere impairments impacted her RFC in a manner that satisfies the durational requirement, and is not already accounted-for by the ALJ's determination.

## CONCLUSION

For the foregoing reasons, I find that the decision-appealed-from was supported by substantial evidence of record, and was not the product of legal error. Plaintiff's motion to vacate the ALJ's decision and remand the matter for further proceedings (Dkt. #9) is denied, and the Commissioner's cross motion for judgment on the pleadings (Dkt. #11) is granted. The ALJ's decision is affirmed in all respects, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       November 2, 2022.